RICHARDS et al. v. CREIGHTON et al.

(Court of Civil Appeals of Texas. Ft. Worth. April 12, 1913. Rehearing Denied May 17, 1913.)

VENDOR AND PURCHASER (§ 341*)—OPTION— ELECTION—PERFORMANCE—INSTRUCTIONS.

Plaintiffs, having purchased from defendants a certain block H. in a city addition, by mutual mistake, the deed conveyed another block designated "G." in the same addition. The mistake having been discovered, a written contract was made by which the vendors should grade block G. in a certain manner, the grading to be completed by February 1, 1910, and on completion the vendees would accept that block in the place of block H. and pay the vendors an additional sum. Held, that, under the rule that time is of the essence of option contracts, the court properly refused to charge that, if defendants attempted to exercise the option and failed in part only, then the measure of plaintiffs' damages would be the difference between the cost of grading block G. if done, and what it would cost if completed according to the terms of the option, and charged that, if defendants failed on or before the dates specified or within a reasonable time thereafter to grade block G. according to the terms of the option, then plaintiffs were entitled to recover the money paid.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 1008–1017; Dec. Dig. § 341.*]

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

Error to District Court, Palo Pinto County; W. J. Oxford, Judge.

Action by J. R. Creighton and others against Frank Richards and others. Judgment for plaintiffs, and defendants bring error. Affirmed.

McKenzie & Kinchen, of Ft. Worth, for plaintiffs in error. Penix & Eberhart, of Mineral Wells, for defendants in error.

DUNKLIN, J. W. M., C. L., and J. R. Creighton purchased from Frank Richards and Geo. T. Liles, block H in the O'Neall & Cunningham addition to the town of Mineral Wells; but by mutual mistake the deed executed by the vendors to consummate the sale described the property conveyed as block G, which was another block in the same addition. Thereafter the parties entered into a contract in writing which, after reciting the mistake together with the further recitation that the purchasers had paid to the vendors the sum of $700 for the property conveyed, stipulated that Richards and Liles should have the option to do one of three things, upon the doing of which the purchasers would accept block G in lieu of block H. The third option given to Richards and Liles is the only one material to be mentioned. That was an option to Richards and Liles to grade block G in a certain manner stipulated, the grading to be completed February 1, 1910, and upon the completion of which the Creightons were to pay to Richards and Liles an additional sum of $150. The Creightons instituted this suit against Richards and Liles to recover the $700 paid for block H, alleging the purchase of that block and the failure of the defendants to convey the same, and from a judgment in favor of the plaintiffs for $700 with interest thereon at the rate of 8 per cent. per annum from January 1, 1908, until the date of the judgment, with foreclosure of lien on block G, the defendants have prosecuted this writ of error.

The only defense urged was that the defendants had exercised the third option and had graded block G in compliance with the terms of the option. The evidence showed without controversy that defendants began the work of grading prior to February 1, 1910, and the defendants introduced testimony tending to show that it was completed in accordance with the terms of the option on or before that date. But according to testimony introduced by the plaintiffs the work was never completed at any time in the manner stipulated in the contract.

Plaintiffs in error have assigned error to the court's refusal of an instruction requested by them in effect that, if defendants attempted to exercise the option above mentioned and failed in part only, then the measure of the plaintiffs' damages would be the difference between the costs of grading block G as done and what it would cost if completed according to the terms of the option. There was no error in refusing this instruction. The general rule is that time is of the essence of option contracts, and there is nothing in this record tending to show any exception to that rule in plaintiffs in error's favor. Furthermore, in the court's charge to the jury plaintiffs' right to a recovery was made to depend upon a finding "that the defendants failed on or before February 1, 1910, or within a reasonable time thereafter," to grade block G in accordance with the terms of the option, and the jury were further instructed that, if they should find that the grading was completed on or before the date mentioned "or within a reasonable time thereafter," then they should return a verdict denying plaintiffs a recovery and awarding defendants the sum of $150 against the plaintiffs. Interpreted in the light of this charge, we have a finding by the jury that defendants did not complete the grading even within a reasonable time after February 1, 1910. Under the terms of the option they were not legally bound to do the grading, and, if they did not exercise the option given them by the contract to satisfy plaintiffs' demand, clearly plaintiffs had the right to sue for a rescission of the contract of purchase and sale of block H and to recover the purchase price paid therefor.

The charge given is assailed by different assignments, and there is also an assignment to the order overruling defendants' motion for a new trial. The propositions submitted under these assignments present substantially the one contention that the charge had no sufficient predicate in the plaintiffs' pleadings and the evidence introduced. As shown by the statements noted above, this contention is without merit.

The judgment is affirmed.